**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| **KITTERY POINT PARTNERS, LLC,** ) | **Case No. 17-20316** |
| ) | |
| Debtor. ) | |

### DEBTOR'S OBJECTION TO CLAIM OF BAYVIEW LOAN SERVICING, LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007(d)

NOW COMES Kittery Point Partners, LLC, the Debtor in the above-captioned bankruptcy case, and hereby files this Objection to Claim of Bayview Loan Servicing, LLC Pursuant to Federal Rule of Bankruptcy Procedure 3007(d) and D.ME. LBR 3007-1[1] (the "Objection"), seeking an order disallowing the claim of Bayview Loan Servicing, LLC ("Bayview") [Proof of Claim #2] in its entirety for the reasons provided below[2].

1. Bayview Loan Servicing, LLC ("Bayview") filed a proof of claim (a true and accurate copy of which is attached hereto as *Exhibit A*) asserting a secured claim in the total amount of $991,660.40 against the Debtor. As evidenced by the first page of the Bayview proof of claim, Bayview asserts that its claim against the Debtor's estate is secured by a Mortgage on certain real property of the Debtor (the "Mortgage") located at 10 Lawrence Lane, Kittery, Maine (the "Property").

2. The Mortgage attached to the Bayview proof of claim purported to transfer certain legal rights from the Debtor to Middlebury Equity Partners ("MEP") in consideration for a loan

---

[1] Unless otherwise noted, all references to statutory sections or to the "Bankruptcy Code" are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §§ 101, et seq. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

[2] The Debtor reserves the right to seek judicial adjudication of other claims against Bayview (or these claims, to the extent that they are not completely resolved in the context of this Objection) via, *inter alia,* additional objections to claims, the Debtor's pending Plan of Reorganization [D.E. 108] and/or the related and pending adversary proceedings filed by the Debtor against Bayview and others [Adv. No. 17-02065].

evidenced by a certain promissory note (the "Note"), dated March 5, 2005, in the face amount of $600,000. Both the Mortgage and the Note were assigned to Bayview on or about April 27, 2005. The Mortgage and the Note form the basis of Bayview's proof of claim.

3. As evidenced by the assignments and other documents attached to the Bayview proof of claim, Bayview asserts a secured claim against the Debtor's estate by virtue of the assignment of the MEP Mortgage and the Note to it.

4. A proof of claim comporting with Bankruptcy Rule 3001 "shall constitute prima facie evidence of the validity of the amount of the claim." Bankruptcy Rule 3001(f). This presumption in favor of the claimant is rebuttable by an objecting party. §502(b); *see Tracey v. United States (In re Tracey),* 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008). If the presumption is rebutted, the burden of proof shifts back to the claimant to "come forward with evidence to support its claims […] by a preponderance of the evidence." *Am. Express Bank, FSB v. Askenaizer (In re Plourde)*, 418 B.R. 495, 504 (B.A.P. 1st Cir. 2009).

5. In response to an objection filed pursuant to § 502, the Court must determine the allowable amount of the claim. Claims, or portions thereof, which are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured" are not allowed. § 502(b)(1).

### A. Bayview's Claim Should be Disallowed In Its Entirety For Failure of Consideration.

6. Bayview's claim is unenforceable against the Debtor for failure of consideration or performance. Under state law, "failure of consideration", is a separate and distinct doctrine from the doctrine of "lack of consideration". The doctrine of "failure of consideration" applies to bilateral agreements where an exchange of promises supports a finding of consideration and

therefore a valid contract, but a subsequent failure to perform by one party fully excuses the performance of the original promise. "Failure of consideration exists when a promise has been made to support a contract, but that promise has not been performed." *Quick Capital of L.I. Corp. v. Bavelis (In re Bavelis)*, 2013 Bankr. LEXIS 5307, *40 (B.A.P. 6th Cir. 2013) (*aff'd. Bavelis v. Doukas (In re Bavelis)*, 773 F. 3d 148 (6th Cir., 2014); *see also, Hensel v. U.S. Electonics Corp.*, 262 A.2d 648, 651 (Del. 1970); *Haft v. Dart Group Corp.*, 841 F.Supp. 549, fn 3 (D. Del. 1993). The doctrine of failure of consideration is applicable to negotiable instruments; it is echoed in Article 3 of the Uniform Commercial Code, as adopted by both Maine and Delaware "if an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed." 6 Del. C. § 3-303, 11 M.R.S.A. § 3-1303. The defense can be asserted against a transferee of an instrument "to reduce the amount owing on the instrument[.]" 6 Del. C. § 3-305; 11 M.R.S.A. § 3-1305.

7. On March 1, 2005, MEP and the Debtor ostensibly closed on a $600,000 loan which was evidenced by the Note and secured by the Mortgage. At closing, MEP was to disburse $10,165.00 to itself, and it promised to disburse $550,000 to Wells Fargo to discharge that lender's first mortgage on the Property. It also promised to disburse $39,835 to the Debtor in remaining loan proceeds. A copy of the Closing Statement outlining the distributions of loan proceeds agreed upon by MEP and the Debtor is attached hereto as *Exhibit B*.

8. Thus, the consideration for the issuance of the Note and Mortgage was MEP's promise to pay off the prior Wells Fargo mortgage (having a balance of $550,000) and to disburse certain funds to the Debtor. MEP confirmed that this was the agreement. In June of 2005, when MEP was attempting to assign the Note and Mortgage to Bayview, it provided the Closing Statement, attached hereto as Exhibit B, to Bayview to evidence the loan terms, and to represent

that the funds had been disbursed to pay off the first lien of Wells Fargo. *See* Fax from Todd M. Enright to Laura Hartmann and Email from Laura Hartmann to Phyllis Hernandez attached hereto as *Exhibit C*. *See also*, Deposition of Laura Hartmann, pg. 49, l. 11-17, attached hereto as *Exhibit D*.

9. Notwithstanding the promised disbursement of loan proceeds as evidenced by the Closing Statement, MEP failed to perform these promises. First, the obligation to Wells Fargo was not in fact paid and discharged. In fact, at the current time, the balance on the Wells Fargo obligation is $451,821.97. *See* Wells Fargo Payment History, attached hereto as *Exhibit E*. Further, there is no evidence any funds were disbursed by MEP to KPP as contemplated by the loan closing statement. The only bank account established by the Debtor was not opened until October 25, 2006, and shows a balance of $0.05 for several months. *Exhibit F*. No deposit amount matches the distribution amount listed on the Closing Statement.

10. Even if MEP disbursed $39,835 to the Debtor, that amount, plus applicable interest, has been fully repaid prepetition. *See* M&T Bank Payment History, attached hereto as *Exhibit G*; Bayview Payment History through August 2, 2010, attached hereto as *Exhibit H*.

11. The attached records prove a failure of consideration for the Debtor's obligations under the Note and Mortgage. MEP, Bayview's predecessor in interest, promised to make disbursements of loan proceeds to pay off the then existing first mortgage on the Property held by Wells Fargo, and additional disbursements to the Debtor. It doubled down on the promise when it subsequently represented to Bayview that these uses of proceeds of the Note and Mortgage had been made. Unfortunately, MEP did not fulfill its promises regarding disbursement of loan proceeds. It made neither disbursement, to the prejudice of the Debtor, as the Wells Fargo mortgage remains a first lien encumbrance on the Debtor's Property.

12. Pursuant to §502(b)(1) and applicable state law Bayview's claim should be disallowed in its entirety.

### B. In The Alternative, Bayview's Claim Should Be Dismissed For The Reasons Set Forth In Debtor's Second Amended Complaint.

13. On March 23, 2018, the Debtor filed its Second Amended Complaint To Avoid Obligations And Transfers, Recover Money Damages, And For Other Relief (the "Second Amended Complaint") in Adversary Proceeding 17-02065. See Adv. P. 17-02065 D.E. 51.

14. Count One of the Second Amended Complaint seeks disallowance of Bayview's claim based on state law. Specifically, the Second Amended Complaint alleges that the Debtor did not legally exist at the time of the purported execution and delivery of the Note and Mortgage and that the Note and Mortgage are void for lack (as opposed to failure) of consideration. The Debtor hereby incorporates by reference the allegations against Bayview contained within the Second Amended Complaint.

15. Because the Debtor could not execute and deliver the Note and Mortgage prior to existing as an entity, and because there was a total lack of consideration for the Note and Mortgage, the Note and Mortgage are void ab initio. As such, Bayview cannot have a claim against the estate or the Debtor, and its proof of claim should be disallowed in its entirety.

WHEREFORE, the Debtor moves this Court for an order disallowing the Claim for the reasons set forth herein, and that the Court grant such other and further relief as it deems just and proper.

Dated: May 4, 2018                    KITTERY POINT PARTNERS, LLC


                                      By: /s/ George J. Marcus
                                          George J. Marcus
                                          David C. Johnson
                                          Katherine M. Krakowka

                                      Attorneys for the Debtor

                                      MARCUS | CLEGG
                                      One Canal Plaza
                                      Suite 600
                                      Portland, ME 04101-4035
                                      207.828.8000

## CERTIFICATE OF SERVICE

I, Holly C. Pelkey, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document, proposed Order, and Notice of Hearing to be served electronically on the parties receiving service in this case through the Court's CM/ECF electronic filing system on May 4, 2018.

/s/ Holly C. Pelkey
Holly C. Pelkey
Legal Assistant

## Mailing Information for Case 17-20316

## Electronic Mail Notice List

- David C. Johnson    bankruptcy@marcusclegg.com, dcj@marcusclegg.com
- Katherine Krakowka    kmk@marcusclegg.com
- George J. Marcus    bankruptcy@marcusclegg.com, G30914@notify.cincompass.com
- Stephen G. Morrell    stephen.g.morrell@usdoj.gov
- Office of U.S. Trustee    ustpregion01.po.ecf@usdoj.gov
- Jeffrey T. Piampiano    jpiampiano@dwmlaw.com, sswander@dwmlaw.com
- Jennifer H. Pincus    Jennifer.H.Pincus@usdoj.gov
- Andrew W. Sparks    asparks@ddlaw.com, ssullivan@ddlaw.com
- Jeffrey D. Sternklar    jeffrey@sternklarlaw.com, jdsternklar@yahoo.com