UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| KITTERY POINT PARTNERS, LLC, ) | Case No. 17-20316 |
| ) | |
| Debtor ) | |
| ) | |

**BAYVIEW LOAN SERVICING, LLC'S RESPONSE TO KITTERY POINT PARTNERS, LLC'S OBJECTION TO CLAIM OF BAYVIEW LOAN SERVICING, LLC PURSUANT TO FEDERAL RULE OF <u>BANKRUPTCY PROCEDURE 3007(d)</u>**

Bayview Loan Servicing, LLC ("Bayview"), by and through its undersigned counsel, hereby responds to the objection of Kittery Point Partners, LLC ("KPP") to the claim of Bayview. In support hereof, Bayview respectfully states as follows:

1. KPP's objection to Bayview's Claim does not take issue with the specifics of the $991,660.40 proof of secured claim Bayview submitted on October 18, 2017.

2. Instead, KPP continues to seek resolution before this Court of state law claims and defenses that it raised—or should have raised—in *Kittery Point Partners v. Bayview Loan Servicing, LLC et. al.*, York County Superior Court, Docket No. CV-11-177 (the "State Court Action"), the lawsuit KPP initiated against Bayview, M&T Mortgage Corporation, and Daniel Systo nearly seven years ago.

3. Resolution of the State Court Action, which this Court has expressly determined should proceed to final judgment, will likely be dispositive of the arguments raised in KPP's objection to claim.

4. Accordingly, Bayview respectfully requests the Court: 1) stay KPP's objection to Bayview's claim until the State Court Action reaches final judgment; or 2) consolidate KPP's

1

objection to Bayview's Claim with the Adversary Proceeding pursuant to Federal Rules of Bankruptcy 3007 and 7042 and Fed. R. Civ. P. 42 (which is currently stayed).

5. Additionally, Bayview requests an additional opportunity to respond to KPP's objection after final judgment is entered in the State Court Action.

## Abbreviated Procedural History

6. On March 9, 2018, the Court granted Bayview's motion to dismiss KPP's Amended Adversary Complaint explaining, in pertinent part, that Count I—styled "Objection to Claim" and seeking an order that the Note and Mortgage were null and void—was barred by the doctrine of claim preclusion. Case 17-02065, Doc. 42.

7. The Memorandum of Decision issued with that Order explained that this was because Count I: A) involved the same parties; B) the issues were, or might have been litigated in the State Court Action; and C) the Superior Court had entered a valid summary judgment order (the "SJ Order") rejecting KPP's challenges to the enforceability of the Note and Mortgage on state law theories of lack of consideration and lack of corporate existence. Case 17-02065, Doc 43 at pp. 9-10.[1]

---

[1] As the Court is by now well aware, the SJ Order determined that KPP failed to prove the release contained in the February 27, 2009 Delinquency Repayment Agreement ("DRA") was invalid. Specifically, the DRA contained a release through which KPP:

> [A]grees to the accuracy of the allegations contained in this Agreement, as well as to the authenticity and validity of each Loan Document referred to herein, and to the validity of the indebtedness described within those Loan Documents. [KPP] further agrees and acknowledges that there are no defenses, set-offs or counterclaims to the indebtedness of [KPP] pursuant to the Loan Documents. The provisions of this Agreement are a material inducement for [Bayview's] agreement to forbear from immediately exercising any and all of its remedies upon [KPP's] default as referred herein and for entering into this Agreement.
> [KPP] releases [Bayview], its subsidiaries, affiliates, agents, officers, and employees, from any and all claims, damages or liabilities of any kind existing on the date of this Agreement, which are in any way connected with the Loan, the servicing of the Loan, or events which lead up to or resulted in [KPP] entering into tis Agreement. [KPP] waives any rights which [KPP] may have under federal or state statute or common law principle

8. On March 15, 2018, the Maine Supreme Judicial Court ("Law Court"), in the State Court Action, dismissed KPP's appeal of the SJ Order as interlocutory.[2]

9. Following this Order, KPP moved to alter or amend the Court's March 9, 2018 Order on Bayview's Motion to Dismiss. Case 17-02065, Doc 49.

10. KPP argued, in pertinent part, that the Law Court's Order meant that the SJ Order did not have preclusive effects for res judicata purposes. *Id.* at p. 4.

11. Following briefing, an intervening decision from the Law Court, and oral argument, the Court granted KPP's Motion to Alter or Amend the Motion to Dismiss Order with regard to Count I. Case 17-02065, Doc 59.

12. Specifically, the Court explained that Count I was no longer dismissed under the doctrine of claim preclusion, but that Bayview was not precluded from seeking dismissal of Count I, on the grounds of res judicata or otherwise, once a final judgment was reached in the State Court Action. *Id.*

13. The following day, April 10, 2018, the Court issued an Order granting Bayview and M&T further limited relief from stay to proceed with obtaining a final judgment in the State Court Action. Case 17-20316, Doc. 106.

---

which may provide that a general release does not extend to claims which are not known to exist at the time of execution….

As a result of this valid release, the SJ Order determined that KPP's challenges to the enforceability and validity of the promissory note and mortgage were barred. *See* Case 17-02065, Doc 21, Bayview's Motion to Dismiss at pp. 5-7 (discussing the SJ Order, Exhibit E thereto, and the DRA, Exhibit F to KPP's Amended Adversary Complaint).

[2] Bayview notes that the parties to the State Court Action, along with the Superior Court, believed the SJ Order was dispositive of all claims between KPP and Bayview.

14. Consistent with the above, the Court also issued a Scheduling Order suspending the deadline for Bayview to answer or otherwise respond to KPP's Second Amended Complaint in the Adversary Proceeding pending further order of the Court. Case 17-02065, Doc 58.

15. Underlying the Bankruptcy Court Orders has been the Court's continued recognition that the State Court Action—which KPP initiated on August 3, 2011—is the proper forum to resolve claims and arguments based in state law.

### KPP's Objections to Bayview's Claim are Based in State Law

16. KPP's objection to Bayview's Claim raises two arguments.

17. First, KPP challenges Bayview's claim due to a purported "failure of consideration" stemming from MEP purportedly failing to disburse $550,000 to Wells Fargo along with an additional $39,835 to KPP.[3]

18. This argument—as KPP implicitly recognizes by citing to state statutes—is based on state law. *See e.g. Quick Capital of L.I. Corp. v. Bavelis (In re Bavelis)*, 2013 Bankr. LEXIS 5307 *40 (B.A.P. 6th Cir. 2013) (citing state law when discussing failure of consideration argument); *Hensel v. U.S. Electronics Corp.*, 262 A.2d 648, 651 (Del. 1970) (Delaware Supreme Court opinion discussing Delaware law).

19. Second, KPP challenges Bayview's claim for the reasons set forth in KPP's Second Amended Complaint.

---

[3] KPP suggests that failure of consideration is an argument that was not—and would not be—precluded as an objection to claim by this Court's March 9, 2018 Motion to Dismiss Order should the SJ Order become final. Case 17-02065, Doc. 43 at p. 10 n 5 (explaining that while the Court dismissed Count I of KPP's Amended Adversary Complaint alleging lack of consideration and lack of corporate existence due to claim preclusion, KPP could still object to Bayview's proof of claim on grounds other than those dismissed in Count I). Such an argument is mere semantics. Should the SJ Order become final, KPP's "failure of consideration" argument is barred to the same extent and for all of the same reasons raised in Bayview's Motion to Dismiss and accepted by the Court in its March 9, 2018 Motion to Dismiss Order.

20. Count I of KPP's Second Amended Adversary Complaint—the only Count asserted against Bayview—claims that the Note and Mortgage are unenforceable against KPP because KPP did not legally exist at the time of the purported execution and delivery of the Note and Mortgage and because there was no consideration exchanged for the execution and delivery of the Note and Mortgage. Case 17-02065, Doc 51.

21. This claim, as the Court has previously observed, sounds in state law and was raised—or should have been raised—in the State Court Action.

### The Court Should Refrain From Ruling on KPP's Objection to Bayview's Claim Until the State Court Action Reaches a Final Judgment

22. The Court should refrain from ruling on KPP's objection to Bayview's claim until the State Court Action reaches final judgment as the State Court Action will likely be dispositive of the arguments raised in KPP's objection to claim.

23. Bayview recognizes the Court has determined the SJ Order does not currently have preclusive effect. If the SJ Order were to be affirmed and become final, however, the SJ Order's determination that the DRA barred KPP's challenges to the enforceability and validity of the promissory note and mortgage would be dispositive of all of KPP's objections to Bayview's claim.[4]

24. In light of the Court's previous rulings, the likely dispositive nature of the State Court Action, and KPP's total reliance on State Law, Bayview respectfully requests the Court refrain from ruling on KPP's Objection to Bayview's Claim until a final judgment is entered in the State Court Action.

25. Specifically, Bayview respectfully requests the Court: 1) stay KPP's objection to Bayview's claim until the State Court Action reaches final judgment; or 2) consolidate KPP's

---

[4] Bayview maintains it is highly likely that the SJ Order will not be vacated or reversed.

objection to Bayview's Claim with the Adversary Proceeding pursuant to Federal Rules of Bankruptcy 3007 and 7042 and Fed. R. Civ. P. 42 (which is currently stayed).[5]

26. Finally, Bayview requests an additional opportunity to respond to KPP's objection after final judgment is entered in the State Court Action.

Dated: June 4, 2018

/s/ Andrew W. Sparks, Esq.
Andrew W. Sparks, Esq.
Maine Bar Registration No. 3649

Attorney for Bayview Loan Servicing, LLC
Drummond & Drummond, LLP
One Monument Way
Portland, Maine 04101
(207) 774-0317
asparks@ddaw.com

---

[5] Bayview's request to consolidate is made without prejudice to Bayview's right to bring a motion to dismiss Count I of the Second Amended Adversary Complaint as well as otherwise objecting to, opposing, or defending against KPP's Objection to Bayview's Claim.