UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| KITTERY POINT PARTNERS, LLC, ) | Case No. 17-20316 |
| ) | |
| Debtor ) | |
| ) | |

**BAYVIEW LOAN SERVICING, LLC'S OBJECTION TO DISCLOSURE STATEMENT FOR DEBTOR KITTERY POINT PARTNERS, LLC'S PROPOSED PLAN PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

## I.    INTRODUCTION

Bayview Loan Servicing, LLC ("Bayview"), by and through its undersigned counsel, hereby objects to the April 18, 2018 disclosure statement filed by the Debtor Kittery Point Partners, LLC ("KPP"), Case No. 17-20316, Doc 109 (the "Disclosure Statement"), as proponent of a Reorganization Plan, Case No. 17-20316, Doc. 108 (the "Plan"). The Disclosure Statement fails to provide "adequate information" as required by section 1125 of the Bankruptcy Code with respect to: 1) the Financing of Plan Obligations; and 2) the Asset Liquidation Alternative.

As discussed in greater detail below, KPP's Disclosure Statement proposes financing the Plan through: 1) cash on hand; 2) rental income generated by the Debtor Real Property[1]; and 3) equity contributions by the members of the Debtor, to the extent required. In order to determine whether to accept KPP's proposed Plan, Bayview requires additional information regarding the rental income generated by the Real Property as well as the financial ability of KPP's members to make the relied upon equity contributions. Similarly, KPP's analysis of the liquidation alternative does not provide adequate information as it summarily concludes that selling the Real

---

[1] The "Debtor Real Property" or "Real Estate" is defined in the Disclosure Statement as "the real property located at 10 Lawrence Lane, Kittery Point, Maine and owned by the Debtor." Case 17-20316, Doc. 109 at pg. 5.

1

Property—valued by KPP at $3,583,714.71—in a distress, liquidation sale would be unlikely to realize more than the mortgage indebtedness—listed by KPP at $1,001,249.31.

Absent additional information regarding the above-mentioned issues, the Disclosure Statement fails to provide adequate information and cannot be approved.

## II.    ADEQUATE INFORMATION STANDARD

Under Section 1125(b) of the Bankruptcy Code, a debtor may not solicit the votes of creditors under a plan of reorganization unless the Court has approved a written disclosure statement. A disclosure statement cannot be approved unless it contains "adequate information."

> (1) "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information; and
> (2) "investor typical of holders of claims or interests of the relevant class" means investor having--
>   (A) a claim or interest of the relevant class;
>   (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and
>   (C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

11 U.S.C. § 1125(a)(1), (2).

The primary function of a disclosure statement is to provide creditors with information necessary to determine whether to accept or reject a debtor's plan of reorganization. *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985); *In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989). Disclosure requirements are crucial to the effective functioning of the

federal bankruptcy system. *In re Oxford Homes*, 204 B.R. 264, 269 (Bankr. D. Me. 1997) (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996)). "Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." *Id.*

The precise contours of what constitutes "adequate information" will vary from case to case and the Bankruptcy Court has wide discretion in this regard. *In re Oxford Homes*, 204 B.R. at 269. While courts have identified numerous pertinent disclosure requirements, Bayview highlights the following information considered by those courts to be helpful and/or necessary in disclosure statements:

> 1. The source of the information provided in the disclosure statement;
>
> 2. A liquidation analysis setting forth the estimated return that creditors would receive under chapter 7; and
>
> 3. The accounting and valuation methods used to produce the financial information in the disclosure statement.

*See e.g. In re Dakota Rail*, Inc. 104 B.R. at 142-43; *In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991).

### III. KPP'S DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE INFORMATION REGARDING THE FINANCING OF PLAN OBLIGATIONS

KPP's Disclosure Statement regarding the Financing of Plan Obligations fails to meet the applicable standard for "adequate information" because there has been little to no disclosure of rental income generated and/or anticipated to be generated by the Real Property and little to no disclosure of the ability of the members of KPP to make equity contributions.

The "Financing of Plan Obligations" section of KPP's section discussing the "Means for Execution of the Plan" provides, in full:

The Debtor shall implement the Plan, and shall make Plan Distributions and other payments as set forth therein from the following sources:

(1) Cash on hand;

(2) Rental income generated by the Debtor Real Property; and

(3) To the extent required, equity contributions by the members of the Debtor.

Case 17-20316, Doc 109 at pg. 11.

First, as listed in KPP's March 2018 Monthly Operating Report, KPP's "cash on hand" is only $5,723.42. Case 17-20316, Doc. 110 at pg. 2. This minimal amount will not provide adequate financing to meet KPP's obligations.

Second, the Disclosure Statement does not provide any details regarding the anticipated and/or previously realized rental income generated by the Debtor Real Property. Furthermore, the Disclosure Statement does not offer any details as to whether the entire Real Property will be rented, on what basis, to whom, and how frequently. Although not included with KPP's Disclosure Statement, KPP's March, 2018 Monthly Operating Report lists rental income for the period from January to March 2018 as $51,800.00. Case 17-20316, Doc. 110 at pg. 14. Therefore, at a minimum, KPP must disclose the terms under which the rental of the Real Property is taking place and anticipated to continue going forward.[2]

Third, the Disclosure Statement does not provide any details regarding the finances and/or ability of the members of KPP to make equity contributions to KPP. According to KPP's List of Equity Shareholders, James Austin and Tudor Austin are the only members of KPP, with each owning a 50% share of KPP. Case 17-20316, Doc. 14. At minimum, KPP needs to disclose the financial ability of James and Tudor Austin, its members, to pay KPP in greater detail including, but not limited to, the members' bank account balances, statements of earnings, and

---

[2] Bayview postulates that the rental income disclosed is simply a characterization of funds contributed to KPP by the members of KPP.

statements of assets and liabilities. Put simply, KPP needs to disclose the financial ability and basis for its Members to make equity contributions to KPP in the event they are needed.

### IV. KPP'S DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE INFORMATION REGARDING THE LIQUIDATION ALTERNATIVE

KPP's Disclosure Statement discusses asset liquidation as an alternative to its Plan. Case 17-20316, Doc 109 at pg. 7-8. The Disclosure Statement, however, fails to provide "adequate information" regarding this alternative as it only offers a cursory, incomplete analysis that is at odds with KPP's statement of assets and liabilities in its March, 2018 Monthly Operating Report.

KPP states that "[g]iven that the Real Estate would be sold in a distress, liquidation sale, it would be unlikely in the Debtor's view, to realize more than the mortgage indebtedness, which would represent a substantial discount in its value. As a result unsecured and priority creditors would be unlikely to be paid from the proceeds of the Chapter 7 liquidation." Case 17-20316, Doc. 109 at pg. 8. KPP goes on to conclude that "[c]learly, reorganization of the Debtor, pursuant to the Plan, which promises payment in full to all creditors would be far superior to liquidation in Chapter 7." *Id.*

The Real Property, however, is valued by KPP at $3,583,714.71 and KPP's liabilities are listed as $1,001,249.31. Case 17-20316, Doc 110 at pg. 13. It is difficult to see, from these numbers, on what basis KPP believes it is unlikely that a liquidation sale of the Real Property would be unable to satisfy the unsecured and priority creditors. Accordingly, at a minimum, KPP must provide a numerical estimate and methodology in support of its liquidation analysis.

### V. CONCLUSION

KPP's bare-bones Disclosure Statement does not provide Bayview with adequate information to determine whether to accept or reject KPP's Reorganization Plan. For all of the reasons discussed above, KPP's Disclosure Statement is deficient and must not be approved.

| | |
|---|---|
| Dated: June 11, 2018 | /s/ Andrew W. Sparks, Esq.<br>Andrew W. Sparks, Esq.<br>Maine Bar Registration No. 3649<br><br>Attorney for Bayview Loan Servicing, LLC<br>Drummond & Drummond, LLP<br>One Monument Way<br>Portland, Maine 04101<br>(207) 774-0317<br>asparks@ddaw.com |