## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| **KITTERY POINT PARTNERS, LLC,** ) | **Case No. 17-20316** |
| ) | |
| Debtor. ) | |

### DEBTOR'S REPLY TO BAYVIEW LOAN SERVICING, LLC'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF BAYVIEW LOAN SERVICING, LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007(d)

NOW COMES Kittery Point Partners, LLC, the Debtor in the above-captioned bankruptcy case, and replies to Bayview Loan Servicing, LLC's Response to Kittery Point Partners, LLC's Objection to Claim of Bayview Loan Servicing, LLC Pursuant to Federal Rule of Bankruptcy Procedure 3007(d) and D.ME. LBR 3007-1 (the "Reply")[1].

1. In its Objection, the Debtor outlined two distinct bases for objecting to the proof of claim filed by Bayview. These two distinct bases are (1) that the Debtor's obligations to Bayview were void and unenforceable *ab initio* for lack of consideration (i.e. the same reasons outlined in Count I of its Complaint in adversary proceeding 17-02065 [D.E. 51]) (*See* Objection, ¶¶ 13 through 14) and (2) that the proof of claim should be disallowed in the amount claimed by Bayview, by reason of the failure of consideration, assuming *arguendo* the validity of the Note and Mortgage which evidence the obligations. *See* Objection, ¶¶ 6 through 12.

2. What Bayview appears not to comprehend is that the Debtor's arguments based on failure of consideration or performance as set forth in the Objection do not challenge the validity or enforceability of the Bayview Note and Mortgage *ab initio.* While validity and enforceability are also the subject of the above referenced Adversary Proceeding, failure of consideration, as set

---

[1] Unless otherwise noted, capitalized terms contained herein shall have the same meaning ascribed to them in Debtor's Objection [D.E. 111].

forth in the Objection, is a far different matter. It assumes *arguendo* the validity of the Note and Mortgage. Even with this assumption, Bayview must still prove the amount it claims it is owed under the Note and Mortgage. Simply put, while the face amount of the Note and Mortgage are $600,000, this alone does not prove that $600,000 in principal (plus interest) is actually owed. This is because the undisputed fact is that contrary to promises made in respect of the execution and delivery of the Note and Mortgage, the original lender and Bayview's assignor, MEP, never advanced payment of the senior Wells Fargo mortgage, contrary to representations made both to the Debtor and later to Bayview. It could have done so at any time prior to the petition date in this case, but it never did.

3. As set forth in the Objection, the original lender, MEP, in consideration of the execution and delivery of the Note and Mortgage by the Debtor, had agreed to repay the first mortgage loan then encumbering the Debtor's property, and held by Wells Fargo. As of the petition date, that mortgage loan had not been repaid, and the principal balance on that loan was $467,361.43, in accordance with the Debtor's Schedule D. Not only did MEP fail to perform that promise made in conjunction with the issuance of the Note and Mortgage, it falsely represented to Bayview, in conjunction with the assignment of the Note and Mortgage, that it had in fact paid off the Wells Fargo mortgage, so that the mortgage granted to MEP, and assigned to Bayview, would be a first priority mortgage.

4. Simply put, the Note states that the Debtor is obligated to repay a $600,000 loan, with interest. The Debtor disputes the amount loaned, because among other things, the lender, MEP, never lived up to its promise to advance loan proceeds to payoff the Wells Fargo mortgage. Accordingly, Bayview as MEP's assignee, has no right to collect amounts never advanced under the Note. *See* Restat 2d of Contracts, §§ 237, 225 (2nd 1981); 11 M.R.S.A. §§ 3-1303, 3-1305.

Further, the interest accrued on the unpaid Wells Fargo mortgage is an offset against any interest claimed under the $600,000 Note. Obviously, the Debtor does not owe interest on any portion of the Note which was never actually advanced.

5. In the Objection, the Debtor has provided substantial evidence supporting its contention of failure of consideration, and it would appear to be incontrovertible, since the Wells Fargo mortgage remains of record as a first mortgage debt of the Debtor. This overwhelming and incontrovertible evidence overcomes the presumptive validity of Bayview's proof of claim. As a result, the burden of proof as to the actual amount owed by the Debtor based on the Note and advances actually made thereunder, together with interest only on amounts actually advanced, rests with Bayview. *See In re Hemingway Transp.*, 993 F.2d 915, 925 (1st Cir. 1993). In view of the Objection and the incontrovertible facts, Bayview must prove the amount advanced under the Note, so that the Court can "determine the amount of such claim in lawful currency […] as of the date of the filing of the petition." 11 U.S.C. §502(b). It is plainly not $600,000.

6. Bayview seems not to have comprehended the difference between lack of consideration as a basis to void the Note and Mortgage, and failure of consideration, as affecting the amount actually owed under the Note and Mortgage, assuming *arguendo* that it is a valid obligation of the Debtor. The Debtor agrees that the portion of its Objection premised on lack of consideration, and the voidability of the Note and Mortgage, as set forth in Count I of the Adversary Proceeding, may be stayed pending outcome of that litigation, but it objects to staying the remainder of its Objection because the balance due and owing under the Note and Mortgage, if any, should be determined in conjunction with confirmation of the Debtor's proposed Plan of Reorganization [D.E. 108], as to which the Court has scheduled a hearing on approval of the Disclosure Statement for June 25, 2018 [D.E. 109].

Dated: June 12, 2018						KITTERY POINT PARTNERS, LLC


								By: /s/ George J. Marcus
								    George J. Marcus
								    David C. Johnson
								    Katherine M. Krakowka

								Attorneys for the Debtor

								MARCUS | CLEGG
								One Canal Plaza
								Suite 600
								Portland, ME04101-4035
								207.828.8000

## **CERTIFICATE OF SERVICE**

I, George J. Marcus, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document to be served electronically on the parties receiving service in this case through the Court's CM/ECF electronic filing system on May 4, 2018.

/s/ George J. Marcus
George J. Marcus

MARCUS | CLEGG
One Canal Plaza
Suite 600
Portland, ME 04101-4035
207.828.8000

## Mailing Information for Case 17-20316

## Electronic Mail Notice List

- David C. Johnson    bankruptcy@marcusclegg.com, dcj@marcusclegg.com
- Katherine Krakowka    kmk@marcusclegg.com
- George J. Marcus    bankruptcy@marcusclegg.com, G30914@notify.cincompass.com
- Stephen G. Morrell    stephen.g.morrell@usdoj.gov
- Office of U.S. Trustee    ustpregion01.po.ecf@usdoj.gov
- Jeffrey T. Piampiano    jpiampiano@dwmlaw.com, sswander@dwmlaw.com
- Jennifer H. Pincus    Jennifer.H.Pincus@usdoj.gov
- Andrew W. Sparks    asparks@ddlaw.com, ssullivan@ddlaw.com
- Jeffrey D. Sternklar    jeffrey@sternklarlaw.com, jdsternklar@yahoo.com