UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Kittery Point Partners, LLC,

Debtor

Chapter 11
Case No. 17-20316

## ORDER GRANTING IN PART DEBTOR'S APPLICATION FOR FOURTH INTERIM AWARD OF PROFESSIONAL FEES TO MARCUS CLEGG AND REIMBURSEMENT OF EXPENSES

On November 21, 2018, the Court held a hearing on Debtor's Application for Fourth Interim Award of Professional Fees to Marcus Clegg and Reimbursement of Expenses [Dkt. No. 175] (the "Fee Application"). At that hearing, the Court expressed reservations about certain aspects of the Fee Application and heard from the applicant in support of the Fee Application. At the conclusion of the hearing, the Court took the Fee Application under advisement. The Court has evaluated the applicant's statements in support of the Fee Application and reviewed the docket in this case. Based on that, and under the factors set forth in 11 U.S.C. § 330(a)(3), the Court grants the Fee Application in part, but awards compensation less than the amount of compensation requested. *See* 11 U.S.C. § 330(a)(2). The Court disallows compensation for the following billing entries for the reasons set forth below.

First, the Court disallows compensation for counsel's work on the debtor's reply to Bayview's response to the debtor's objection to Bayview's proof of claim:

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Jun-11-18 | Review and edit reply to Bayview response to our objection to proof of claim | 0.50 | $300.00 | GJM |
| Jun-11-18 | Draft reply to Bayview objection to claim response | 2.10 | $567.00 | KMK |
| Jun-12-18 | Review and edit next version of Reply to Bayview response to objection to claim and file same | 0.30 | $180.00 | GJM |

| Jun-12-18 | Revise reply to Bayview objection response | 0.30 | $81.00 | KMK |

The sum of the fees disallowed in this category is $1,128.00. These fees are disallowed because the reply was neither necessary under the Local Rules nor beneficial toward resolution of the debtor's objection to Bayview's proof of claim. *See* 11 U.S.C. § 330(a)(3)(C). Zealous advocacy should not be used as a cloak to transform an unnecessary task into a compensable billing opportunity.

Second, the Court disallows compensation for the professional and paraprofessional time that Marcus Clegg billed for filing documents on the Court's CM/ECF system:

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Jun-15-18 | Finalize and **file** Third Applications for Compensation for Marcus Clegg and Martin Associates | 0.10 | $15.00 | KAS |
| Jun-25-18 | Finalize and **file** Amended Plan and Disclosure Statement | 0.10 | $60.00 | GJM |
| Jun-25-18 | Finalize and **file** KPP First Amended Plan and First Amended Disclosure Statement | 0.10 | $15.00 | KAS |

The sum of the fees disallowed in this category is $90.00. Although the filing of documents on the Court's CM/ECF system was necessary to the administration of the case, the Court has consistently characterized the task as a ministerial task that should not be compensated at professional or paraprofessional rates.

Third, the Court disallows compensation for certain services that were unnecessarily duplicative:

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Jun-21-18 | Office conference with K. Krakowka re strategy with respect to appeal of summary judgment order and related matters | 0.50 | $207.50 | JLC |
| Jun-25-18 | Office conference with K. Krakowka re: hearing on Disclosure Statement | 0.70 | $234.50 | DCJ |

The sum of the fees disallowed in this category is $442.00. Although the Court appreciates the benefits that can result from pooling legal expertise, the inter-office collaboration in these particular circumstances yielded an excessive bill for counsel's services.

Fourth, the Court disallows compensation for the following services related to a claim that the Austins may have against Bayview:

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
| --- | --- | --- | --- | --- |
| Aug-24-18 | Discuss possible claim of Austins against Bayview with J. Clegg and K. Krakowka | 0.30 | $180.00 | GJM |
| Aug-24-18 | Office conference with G. Marcus and K. Krakowka re quiet title action and strategy with respect thereto | 0.40 | $166.00 | KMK |

The sum of the fees disallowed in this category is $346.00. Counsel's services on behalf of the Austins should not be billed to Kittery Point Partners' estate, as those services were neither necessary nor beneficial to Kittery Point Partners' efforts in this bankruptcy case.

Finally, the Court disallows compensation for counsel's efforts to obtain a Rule 2004 Motion as to Mr. Enright:

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
| --- | --- | --- | --- | --- |
| Sep-14-18 | Memo to court appointed examiner in Enright case regarding deposition transcripts | 0.20 | $54.00 | KMK |
| Sep-14-18 | Office conference with G. Marcus to discuss adversary proceeding and 2004 motion as to Enright examiner | 0.20 | $54.00 | KMK |
| Sep-17-18 | Review and edit motion for 2004 examination of Levine | 0.40 | $240.00 | GJM |
| Sep-17-18 | Draft Examiner 2004 motion and proposed order | 1.00 | $270.00 | KMK |
| Sep-17-18 | Finalize Examiner 2004 motion and order and send to P. Levine for review and comment | 0.10 | $27.00 | KMK |
| Sep-18-18 | Correspondence with P. Levine regarding consented to motion | 0.20 | $54.00 | KMK |

The sum of the fees disallowed in this category is $699.00. At the hearing on November 21, 2018, Attorney Marcus represented that Mr. Levine was unwilling to cooperate with counsel in

the absence of a court order.  The Court takes Mr. Marcus at his word.  Despite that representation, counsel's efforts to obtain a court order were neither reasonable nor necessary here, in light of the pending contested matter and its attendant discovery opportunities.

The foregoing disallowances total $2,705.00.  The remainder of the fees requested in the Fee Application are allowed.  The Court therefore awards Marcus Clegg compensation in the amount of $36,738.00 for reasonable and necessary professional services rendered to the debtor between June 1, 2018 and September 30, 2018, and reimbursement of necessary expenses during that same period in the amount of $1,209.09, for a total interim award of $37,947.09.  The debtor is directed to pay Marcus Clegg any remaining balance owed on this award on or before December 31, 2018.

Dated:  December 5, 2018

Michael A. Fagone
United States Bankruptcy Judge
District of Maine