| | |
|---|---|
| STATE OF MAINE<br>YORK, ss. | SUPERIOR COURT<br>Civil Action<br>Docket No. CV-11-0177 |

KITTERY POINT PARTNERS,　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　ORDER FOR ENTRY
　　　　　　　　　　　　　　　　)　　OF FINAL JUDGMENT
　　　　　　　　　　　　　　　　)
BAYVIEW LOAN SERVICING, LLC,　 )
et al.,　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　Defendants.

After review and consideration of the motion of Defendants Bayview Loan Servicing, LLC and M&T Mortgage Corporation (together "Bayview") for entry of final judgment as to all claims pursuant to Rule 54 of the Maine Rules of Civil Procedure, and taking into consideration this court's order granting partial summary judgment (the "November 30, 2016 Judgment"), the Law Court's opinion in *Kittery Point Partners, LLC v. Bayview Loan Servicing, LLC,* 2018 ME 35, ¶8, 180 A.3d 1091, post-remand conferences with counsel for Bayview and Kittery Point Partners, LLP ("KPP"), and the record in this matter, the court concludes and hereby orders as follows:

1. The November 30, 2016 Judgment granted summary judgment to Bayview with respect to KPP on the ground that KPP's action against Bayview is barred by the terms of a 2009 release. The November 30, 2016 Judgment was "final as to claims between plaintiff KPP and defendant/counterclaimants Bayview Loan Servicing and M&T Mortgage Corporation." *Id.* at 9[1]

---

[1] Bayview's counterclaim pleaded fraud and negligent misrepresentation in the alternative, and would only need to be resolved if the November 30, 2016 Judgment were reversed and/or vacated. Therefore, Bayview has no outstanding claims against KPP in this matter.

RECEIVED

JAN 18 2019

Drummond & Drummond, LLP

2. Plaintiff's complaint names Daniel Systo as a defendant. The complaint, however, neither asserts a claim against Mr. Systo nor requests any specific relief from him. Mr. Systo has not asserted any claims herein. His inclusion as a named party in this matter does not impact the finality of the November 30, 2016 Judgment as between KPP and Bayview.

3. Counsel for KPP has indicated orally that KPP agrees to dismiss any claim that it has or might raise against Daniel Systo in this action without prejudice.

4. Therefore, Daniel Systo is hereby dismissed without prejudice from this matter.

5. Accordingly, the court hereby enters final judgment as to all claims between all parties in the present action pursuant to M.R.Civ.P. 54.

6. Entry of final judgment pursuant to this order is without prejudice to the right of the parties to timely appeal this order and the November 30, 2016 Judgment.

The clerk may incorporate this Order for Entry of Final Judgment on the docket by reference pursuant to M.R. Civ. P. 79(a).

SO ORDERED.

Dated: January 16, 2019

_____
Wayne R. Douglas
Justice, Superior Court

Entered on the Docket on: 1/16/19
Copies sent to the following parties/counsel on: 1/16/19
Atty. Marcus    Atty. Spanks
Daniel Systo