

**MARCUS | CLEGG**
ATTORNEYS & COUNSELORS

January 30, 2019

**HAND DELIVERED**

York County Superior Court
Attn: Tammy Rueda, Clerk
45 Kennebunk Road
Alfred, ME 04002-0160

Re:  *Kittery Point Partners, LLC v. Bayview Loan Servicing, LLC et al.*
Docket No. CV-11-177

Dear Clerk Rueda:

Enclosed for filing in the above-referenced matter please find (1) **Order On Plaintiff's Motion To Alter Or Amend Judgment Or, In The Alternative, For Amended Or Additional Orders Pursuant To Rules 52(b) And 59(e) Of The Maine Rules Of Civil Procedure**; and (2) proposed **Order**.

Thank you for your attention to this matter.

Sincerely,

George J. Marcus

GEORGE J. MARCUS
JENNIE L. CLEGG
LEE H. BALS
DANIEL L. ROSENTHAL
DAVID C. JOHNSON
KATHERINE M. KRAKOWKA

MYER M. MARCUS
(1914-2015)

ONE CANAL PLAZA, SUITE 600
PORTLAND, ME 04101-4035
T. 207.828.8000 / 800.806.9242
F. 207.773.3210 / 800.806.8678
FIRM@MARCUSCLEGG.COM
MARCUSCLEGG.COM

enclosures
cc:  Andrew W. Sparks, Esq.
Drummond & Drummond, LLP
One Monument Way
Portland, ME 04101

| | |
|---|---|
| STATE OF MAINE<br>YORK, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV-11-0177 |

| | |
|---|---|
| KITTERY POINT PARTNERS, LLC,<br><br>              Plaintiff<br>v.<br><br>BAYVIEW LOAN SERVICING, LLC,<br>*et al.*,<br><br>              Defendants | **PLAINTIFF KITTERY POINT PARTNERS' MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR AMENDED OR ADDITIONAL ORDERS PURSUANT TO RULES 52(B) AND 59(E) OF THE MAINE RULES OF CIVIL PROCEDURE, AND INCORPORATED MEMORANDUM OF LAW** |

Pursuant to Rules 52(b) and 59(e) of the Maine Rules of Civil Procedure, Plaintiff Kittery Point Partners, LLC ("KPP") hereby moves the Court to amend its January 16, 2019 Order For Entry Of Final Judgment (the "January 16 Order") to add an important additional ordering paragraph, as set forth below. This Motion is based upon the following:

1. On November 30, 2016, this Court ordered entry of a partial summary judgment ("SJ Order") in favor of Defendants Bayview Loan Servicing and M&T (together, "Bayview"). KPP timely appealed.

2. KPP appealed the SJ Order, and on March 15, 2018, the Law Court issued an order dismissing KPP's appeal, finding that the Court's SJ Order was interlocutory. 180 A3d 1091 (ME 2018).

3. Bayview subsequently filed in this Court a Motion For Entry Of Final Judgment, Or In The Alternative, Motion For Certification Of Partial Final Judgment, Or In The Alternative, Motion To Place On The Trial List (the "Rule 54 Motion"). KPP objected to the Rule 54 Motion arguing, among other things, that the Court had not adjudicated the amount actually due and owing under the $600,000 promissory note and mortgage at issue in this case

(the "Note and Mortgage"), notwithstanding the prayer of KPP for relief in the Complaint in this action that the Court determine that no amount of money was due and owing to Bayview. KPP argued that this was an adjudication which was necessary before final judgment could be entered in this case.

4. On September 24, 2018, the Court denied Bayview's Rule 54 Motion and ordered the parties to participate in a status conference.

5. After two status conferences where the parties discussed the issues remaining in the case, the Court ordered each to submit proposed orders for its consideration. KPP submitted two proposed orders: one staying this case pending the outcome of KPP's Chapter 11 Bankruptcy Case, including a determination in that case by the Bankruptcy Court of the amounts, if any, advanced under the Note and Mortgage, and the amounts, if any due and owing to Bayview under the Note and Mortgage; the other setting an evidentiary hearing in this case on the amounts, if any, actually advanced under the Note and Mortgage and the amounts, if any, actually due and owing under the Note and Mortgage..

6. On January 16, 2019 the Court entered the January 16, 2019 Order declining to either stay these proceedings or set an evidentiary hearing with respect to the amounts advanced or allegedly due and owing under the Note and Mortgage. In the January 16 Order, the Court held:

> The November 30, 2016 Judgment granted summary judgment to Bayview with respect to KPP on the ground that KPP's action against Bayview is barred by the terms of a 2009 release. The November 30, 2016 Judgment was 'final as to claims between plaintiff KPP and defendant/counterclaimants Bayview Loan Servicing and M&T Mortgage Corporation.'

7. Accordingly, the January 16, 2019 Order makes no findings of fact or conclusions of law with respect to the amounts actually advanced or the amounts actually due and owing

2

under the Note and Mortgage, if any, notwithstanding KPP's request that the Court do so, nor did the Court stay these proceedings pending the conclusion of the Bankruptcy Case.

8. In order to create a complete record of the orders entered in this case for the purpose of on appeal, and otherwise to permit KPP to preserve its rights under the circumstances, both in the State Courts and in the Bankruptcy Court, KPP requests that this Court make explicit its rejection of KPP's requests regarding findings of fact and conclusions of law concerning the amounts actually due and owing under the Note and Mortgage. As such, KPP hereby requests that the Court amend the January 16, 2019 Order by adding thereto the following new ordering paragraph no. 7, as follows:

> 7. The Court hereby determines that adjudication of the amounts, if any advanced under, and the amounts, if any, due and owing by KPP under the promissory note and mortgage which are the subject of this action is not necessary for entry of final judgment, and the Court hereby denies KPP's request that it stay these proceedings pending a determination of the same by the Bankruptcy Court, or that it proceed with an evidentiary hearing with respect to the same.

9. This Court may amend its January 16, 2019 Order pursuant to Rules 52(b) and 59(e) of the Maine Rules of Civil Procedure as requested herein, and for the reasons set forth above, justice requires that said Order be so amended.

WHEREFORE, KPP respectfully requests that the Court grant this Motion and amend the June 16, 2019 Order in the manner set forth herein, and that it grant such other and further relief as it deems just and proper.

3

DATED: January 30, 2019

_____
George J. Marcus [ME Bar #1273]
David C. Johnson [ME Bar #9447]
Katherine M. Krakowka [ME Bar #5302]

MARCUS | CLEGG
One Canal Plaza; Suite 600
Portland, ME  04101
Tel: (207) 828-8000

Attorneys for Plaintiff
Kittery Point Partners, LLC

## IMPORTANT NOTICE

**An opposition to this motion, along with supporting memoranda, affidavits or other matter, must be filed with the Court not later than twenty-one (21) days after the date this motion was filed, unless another time is set by the Court or provided for in the Maine Rules of Civil Procedure.  Failure to file timely opposition will be deemed a waiver of all objections to this motion, which may be granted without further notice or hearing.**

4

| | |
|---|---|
| STATE OF MAINE<br>YORK, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV-11-0177 |

| | |
|---|---|
| KITTERY POINT PARTNERS, LLC,<br><br>          Plaintiff<br>v.<br><br>BAYVIEW LOAN SERVICING, LLC,<br>*et al.*,<br><br>          Defendants | **ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR AMENDED OR ADDITIONAL ORDERS PURSUANT TO RULES 52(B) AND 59(E) OF THE MAINE RULES OF CIVIL PROCEDURE** |

On the Motion of the Plaintiffs to Alter or Amend Judgment, or in the Alternative, for Amended or Additional Orders Pursuant to Rules 52(b) and 59(e) of the Maine Rues of Civil Procedure, the Court having considered the pleadings and the arguments of the parties, and good cause for entry of this Order having been demonstrated to the Court, it is hereby ORDERED, ADJUDGED AND DECREED that:

    A.    This Court's Order For Entry of Final Judgment entered on January 19, 2019 in this civil action is hereby amended by adding thereto the following new ordering paragraph 7:

> 7. The Court hereby determines that adjudication of the amounts, if any advanced under, and the amounts, if any, due and owing by KPP under the promissory note and mortgage which are the subject of this action is not necessary for entry of final judgment, and the Court hereby denies KPP's request that it stay these proceedings pending a determination of the same by the Bankruptcy Court, or that it proceed with an evidentiary hearing with respect to the same.

    B.    No other changes are hereby made to said Order for Entry of Final Judgment.

Dated: _____, 2019

_____
Wayne R. Douglas
Justice, Superior Court