UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: ) | |
| ) | |
| **KITTERY POINT PARTNERS, LLC** ) | Chapter 11 |
| ) | Case No. 17-20316 |
| Debtor. ) | |

### STATUS REPORT AND REQUEST FOR STATUS CONFERENCE

NOW COMES Kittery Point Partners, LLC, debtor-in-possession (the "Debtor"), by and through its attorneys, and hereby submits this status report to the Court regarding the status of State Court proceedings between the Debtor and Bayview Loan Servicing, LLC ("Bayview"), and an accompanying request for a status conference (this "Status Report")[1]:

### Background

1. On June 22, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. The Debtor is a Delaware limited liability company formed to hold title to and manage certain real property located at 10 Lawrence Lane, Kittery, Maine (the "Real Property"). As a result of the filing, the Debtor is now a debtor-in-possession with authority to operate its business pursuant to Sections 1107 and 1108 of the Code.

3. On October 17, 2017, Bayview Loan Servicing, LLC ("Bayview") filed its Secured Proof of Claim in this case, in the amount of $991,660.40, including principal, interest and costs of collection. The claim was alleged to be secured by a mortgage on the above described Real Property of the Debtor.

---

[1] The Debtor has no objection to the Status Report submitted by Bayview, as to which counsel for Bayview provided the courtesy of a preview. The Debtor submits its own Status Report because it believes that elaboration on the proceedings before the Maine Superior Court will be of assistance to this Court and will form the basis for the within request for status conference.

4. On May 4, 2018, the Debtor filed its objection to the Bayview Secured Proof of Claim, in its entirety [D.E. 111].

5. To date, no order has been entered by the Court, either allowing or disallowing the Bayview Secured Proof of Claim, in whole or in part.

6. On September 6, 2018, the Debtor filed its Second Amended Plan of Reorganization (Revised) [D.E. 154] (the "Plan"); together with a revised Second Amended Disclosure Statement [D.E. 155].

7. By its Order dated September 10, 2018 [D.E.158], this Court approved the Debtor's Second Amended Disclosure Statement [D.E.155], authorized the solicitation of acceptances and rejections of the Plan [D.E. 154] and set October 26, 2018, as the date for a preliminary hearing on confirmation of the Debtor's Plan.

8. Pursuant to the Order referred to above, the Debtor solicited acceptances and rejections of its Plan, and received acceptances from all impaired classes, except for the claims held by Bayview, in Class 2 under the Plan.

9. On November 2, 2018 [D.E.192], and without entry of any order confirming or denying confirmation of the Debtor's Plan, this Court entered its order suspending all proceedings in this case pursuant to 11 U.S.C. §305(a)(1) (the "Suspension Order").

10. In the Suspension Order, the Court stated:

"Entry of a final judgment by the Maine Superior Court as to all claims raised in the State Court Action would assist this Court in the administration of this chapter 11 case. After the entry of a final judgment, this Court will look to Maine law to determine the preclusive effect of that judgment, *see* McGarry v. Chew (In re Chew), 496 F.3d 11, 17 n.10 (1st Cir. 2007), adjudicate the amount of Bayview's claim against the debtor, if any, as of the date of the debtor's chapter 11 petition, and decide whether the debtor's proposed treatment of that claim in a chapter 11 plan satisfies the requirements of 11 U.S.C. § 1129. In the interests of efficiency

2

and judicial economy, the entry of a final judgment by the Maine Superior Court should precede each of these determinations"[2].

## Status Report Regarding State Court Proceedings

On January 16, 2019, the Maine Superior Court entered its final order in the State Court Action (the "Final State Court Order"). See Exhibit A. Following entry of the Final State Court Order, the Debtor filed a Motion to Alter Or Amend Judgment Or, In The Alternative, For Amended Or Additional Orders Pursuant To Rules 52(B) And 59(E) Of The Maine Rules Of Civil Procedure. See Exhibit B. In that Motion, the Debtor requested the following:

> "In order to create a complete record of the orders entered in this case for the purpose of an appeal, and otherwise to permit KPP to preserve its rights under the circumstances, both in the State Courts and in the Bankruptcy Court, KPP requests that this Court make explicit its rejection of KPP's requests regarding findings of fact and conclusions of law concerning the amounts actually due and owing under the Note and Mortgage. As such, KPP hereby requests that the Court amend the January 16, 2019 Order by adding thereto the following new ordering paragraph no. 7, as follows:
>
>> 7. The Court hereby determines that adjudication of the amounts, if any advanced under, and the amounts, if any, due and owing by KPP under the promissory note and mortgage which are the subject of this action is not necessary for entry of final judgment, and the Court hereby denies KPP's request that it stay these proceedings pending a determination of the same by the Bankruptcy Court, or that it proceed with an evidentiary hearing with respect to the same".

---

[2] In the Suspension Order, this Court also made reference to *McGarry v. Chew (In re Chew)*, 496 F.3d 11, 17 n.10 (1st Cir. 2007), citing the following language from that decision:

> In evaluating the claim preclusive effect of a prior state proceeding, federal courts are required to give full faith and credit to state judicial proceedings, pursuant to 28 U.S.C. § 1738. In *Migra v. Warren City Sch. Dist.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Supreme Court interpreted this principle to require federal courts to give state court judgments the same preclusive effect they would receive in that state. Accordingly, Massachusetts law governs the claim preclusive effect of the prior state court proceedings.
>
> Based on this proposition, this Court must look to the doctrine of *res judicata* as articulated by the Maine Supreme Court.

3

The Superior Court ultimately denied the Debtor's Motion to Alter or Amend Judgment, stating:

> "The court's grant of partial summary judgment in favor of Bayview was based on the conclusion that KPP's action was barred by the 2009 release, which was 'valid and extinguished plaintiffs cause of action'".
>
> …..
>
> Given the conclusion that the 2009 release bars KPP's action against Bayview, it is self-evident from the 2016 Order and the 2019 Order that there is neither a need nor basis for the court to adjudicate "the amount actually due and owing under the $600,000 promissory note and mortgage at issue in this case…"

Exhibit C (the "March 13 Order").

The Debtor has appealed the Superior Court's final orders.

## Analysis and Implications for This Chapter 11 Case

In sum, the Superior Court has finally held that the Debtor's claims against Bayview are barred by the release clause of the 2009 Delinquency Reparyment Agreement ("DRA") between the Debtor and Bayview. *See* Exhibit C, ¶ 14. While the Debtor disputes the Superior Court's ultimate holding regarding the viability of its declaratory judgment action against Bayview, it is clear is that the Superior Court's ruling was narrow. Beyond finding that the release clause barred the Debtor's claims against Bayview, the Superior Court declined to make any other findings of fact or law, including a determination of any amounts due and owing under the note and mortgage at any point in time. Put another way, given the Superior Court's determination that the note and mortgage were valid, thereby warranting dismissal of the Debtor's declaratory judgment action, and further, given that Bayview had sought no enforcement of the note and mortgage in the declaratory judgment action, i.e. no order that the Debtor pay any amount, the Superior Court determined that it was not necessary to adjudicate the amount due and owing thereunder.

In light of the Superior Court's ruling, the Debtor believes that this Court may now adjudicate the essential matters necessary to bring this case to a conclusioin, without any bar or preclusion under applicable state law doctrines of *res judicata.*

### Analysis of the *Res Judicata* Doctrine and Applicabilty to this Case

*Res Judicata* is an umbrella term used to refer to two distinct legal concepts: claim preclusion and issue preclausion. Claim preclusion is an affirmative defense employed against plaintiffs reasserting identical claims in subsequent litigation, or claims that might have been brought in prior litigation, while issue preclusion applies to maintain consistent factual and legal determinations actually made in prior proceedings.  The Maine Law Court has defined these concepts the following way:

> "The doctrine of *res judicata* is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once. The doctrine has developed two separate components, issue preclusion and claim preclusion. Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and ... the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding. Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action. 834 A2d 139-140.

*Macomber vs. McQuinn-Tweedie, et. al.*, 834 A2d 131 ( Me. 2003).

The Superior Court's March 13, 2009 Order, although denying the Debtor's Motion to Alter or Amend the final judgment in the State Court case, nevertheless clarified the meaning of such final judgment.  In essence, the Superior Court held that the Debtor's State Court cause of action against Bayview, for a declaratory judgment invalidating the $600,000 promissory note and mortgage, would be dismissed because it was barred by the "2009 release".  Further, the Superior Court determined that for the purpose of the Debtor's declaratory judgment action,

5

there was "neither a need nor basis for the Court to adjudicate the amount actually due under the $600,000 promissory note and mortgage at issue in this case". The Superior Court, in unequivocal terms, declined to determine any amount that might be due and owing under the Bayview note and mortgage, which it found to be valid and enforceable, because it believed it to be unnecessary to do so.

With the March 13 Order, the Superior Court record is now sufficient to permit this Court to apply the *res judicata* doctrine to pending issues in this case, so that the case can be finally administered and resolved without any bar. Based on the foregoing disclaimer by the Superior Court of any determination of the amount due and owing under the Bayview note and mortgage, the "issue preclusion" branch of the *res judicata* doctrine cannot apply with respect to the Debtor's present objection to Bayview's Proof of Claim. This is because, by the Superior Court's own statement, there has been no prior adjudication of the issue at stake in such Objection, the dollar amount of that claim. It remains entirely appropriate for this Court to now determine the amount, if any, that the Debtor owes to Bayview under the note and mortgage, such amount having never been previously adjudicated.

By the same token, the "claim preclusion" branch of the *res judicata* doctrine is also inapplicable. In objecting to the Bayview Secured Proof of Claim, the Debtor is not the claimant or the "plaintiff". It is the respondent, or defendant. In the language of *Macomber vs. McQuinn-Tweedie, et. al.*, the critical element of "privity" as between the plaintiff in the prior action and the plaintiff in the current action is entirely absent. Indeed, the plaintiffs in the two actions are adverse to one another. There is simply nothing about the "claim preclusion" doctrine that bars a party from responding to, or otherwise *defending* a claim brought by another party.

Similarly, with respect to confirmation of the Plan, this could not possibly be the subject of claim (or issue) preclusion because Plan confirmation was never before the Superior Court, nor could it have been. There is no doctrine arising from state law "claim preclusion" principles that could preclude this Court from deciding, for the first time, all issues that are relevant to a dinstinctly unique, federal bankrtupcy cause of action: Chapter 11 plan confirmation.

### Request for Status Conference

Based on the foregoing, the Debtor believes that this Chapter 11 case can and should proceed to its long awaited conclusion, and requests that the Court set a status conference to establish a single hearing date and related procedures to wrap this case up. The matters remaining to be determined are the following:

- Terminating the stay of proceedings under Section 305 of the Bankruptcy Code;

- Adjudicating the Bayview Secured Proof of Claim and the Debtor's Objection thereto based upon the sole Debtor defense that no money is due and owing the Bayview, even assuming the validity of its note and mortgage; and

- Confirming the Debtor's Second Amended Plan of Reorganization

### Conclusion

The remaining business before the Court can be accomplished expeditiously, bringing nine years of expensive litigation to a conclusion. All classes of creditors, other than Bayview, have accepted the Debtor's plan. It easily complies with all of the requirements of Section 1129. The only matters that that remain are (i) the determination of the amount, if any, remaining due and owing to Bayview under its note and mortgage; and (ii) to the extent that any such amount represents advances in cash, the amount thereof; and (iii) to the extent that the balance of any

allowed amount represents a non-cash liability of the Debtor, the terms for repayment. These determinations will take a minimal amount of time.

    WHEREFORE, for all of the foregoing reasons, the Debtor requests that this Court grant this request and set a telephonic status conference for the purposes set forth herein.

DATED:  April 30, 2018              /s/ George J. Marcus
                                                George J. Marcus, Esq.
                                                Katherine M. Krakowka, Esq.

                                                MARCUS | CLEGG
                                                Attorneys for Debtor
                                                16 Middle St., Suite 501
                                                Portland, ME  04101
                                                (207) 828-8000
                                                bankruptcy@marcusclegg.com

## **CERTIFICATE OF SERVICE**

      I, Karen A. Stone, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document to be served electronically on the parties receiving service in this case through the Court's CM/ECF electronic filing system on April 30, 2019.

      /s/ Karen A. Stone
      Karen A. Stone
      Paralegal