# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Kittery Point Partners, LLC,<br><br>　　　　　　Debtor | Chapter 11<br>Case No. 17-20316 |

## ORDER DENYING MOTION IN LIMINE AND REQUEST FOR EXPEDITED HEARING

On October 30, 2019, the debtor filed a Motion in Limine Regarding Burden of Proof as to Proof of Claim [Dkt. No. 234] (the "Motion in Limine"). That same date, the debtor filed a request for an expedited hearing on the Motion in Limine [Dkt. No. 235] (the "Motion to Expedite"). The Court has significant discretion in ruling on a motion in limine. *See* Clukey v. Town of Camden, 894 F.3d 25, 34 (1st Cir. 2018) (suggesting that the trial court's disposition of a motion in limine will not be disrupted unless the court has clearly committed an error of judgment). In this case, the Court will not use that discretion to grant the requested relief. The debtor has not cited any caselaw showing that a trial court must issue a pretrial order addressing the burden of proof that will apply at trial. *See, e.g.,* Bd. of Trustees of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A., 860 F. Supp. 2d 251, 259-62 (S.D.N.Y. 2012) (denying motion in limine regarding shifting burden of proof); Reale Int'l, Inc. v. Fed. Republic of Nigeria, No. 78 Civ. 23-CSH, 1984 WL 837, at *3 (S.D.N.Y. Sept. 11, 1984) (denying motion for ruling in limine regarding burden of proof).[1] Granting the provisional relief requested by the debtor makes little sense here, where the claim in question has been—to use the debtor's phraseology—

---

[1] The debtor's reliance on State Auto Property & Casualty Co. v. Matty, No. 4:08-CV-98-CDL, 2010 WL 3732235 (M.D. Ga. Sept. 16, 2010), is also misplaced. That case involved a motion in limine that was unopposed. Here, while Bayview has not yet responded to the debtor's motion, it does not take a crystal ball to determine that an objection will be forthcoming; the Court is familiar with the issues and disputes between the parties.

hotly contested for years in multiple courts, and the parties would likely ask the Court to reevaluate any in limine relief during the trial. The Motion in Limine is aimed directly at the center of the parties' dispute. It is not appropriate to use a motion in limine to undermine one of Bayview's principal legal arguments and to predetermine the theories of the case. *See* Official Comm. of Unsecured Creditors v. Israel Discount Bank of N.Y (In re Oak Rock Fin., LLC), 560 B.R. 635, 638 (Bankr. E.D.N.Y. 2016).

    The Motion in Limine and the Motion to Expedite are therefore DENIED.

Dated: November 1, 2019

Michael A. Fagone
United States Bankruptcy Judge
District of Maine