UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: | ) |
| | ) |
| KITTERY POINT PARTNERS, LLC, | )  Chapter 11 |
| | )  Case No. 17-20316 |
| Debtor. | ) |

### DEBTOR'S WITNESS AND EXHIBIT LIST

NOW COMES Kittery Point Partners, LLC, debtor-in-possession ("KPP" or the "Debtor"), by and through its attorneys, and hereby submits this witness and exhibit list pursuant to the terms of the court's August 20, 2019 Order Setting Date for Trial and Related Deadlines (the "Trial Order") [D.E. # 228].

**I.   Witnesses**

    A.   Tudor Austin

Tudor Austin is a principal of the Debtor. She will testify about (a) the history of KPP; (b) the transaction and relationships underlying the note and mortgage at issue; (c) the lack of consideration paid to or on behalf of KPP in exchange for the note and mortgage; (d) the fact that the prior Wells Fargo first-priority mortgage was never discharged and remains in place on KPP's real property; (e) the negotiation and execution of the Debt Restructuring Agreement (the "DRA"); and (f) the financial relationship between KPP and Bayview.

    B.   Any Witnesses identified by Bayview Loan Servicing, LLC[1].

**II.  Exhibits**

    A.   Exhibits listed in the Parties' Joint Stipulation of Facts and Exhibits filed contemporaneously herewith;

    B.   Transcript of Bayview 30(b)(6) deposition taken on October 22, 2019 (including the excerpts quoted in the Debtor's Motion in *Limine* Regarding Burden of Proof as to Proof of Claim) [D.E. # 234];

    C.   Notice of Deposition (Bayview 30(b)(6) Deposition Ex. # A);

---

[1]   Hereafter, "Bayview". This term includes M&T Mortgage Corporation.

  D.  4/27/05 Letter to Laura Hartmann from Todd Enright (Bayview 30(b)(6) Deposition Ex. # F);

  E.  Closing Statement (Bayview 30(b)(6) Deposition Ex. # G);

  F.  6/8/05 E-mail from Laura Hartmann (Bayview 30(b)(6) Deposition Ex. # H);

  G.  Commitment for Title Insurance (Bayview 30(b)(6) Deposition Ex. # I);

  H.  Imaging/Setup Flow Key Documents Residential Loans (Bayview 30(b)(6) Deposition Ex. # J); and

  I.  Jumbo Loan Review (Bayview 30(b)(6) Deposition Ex. # K).

***Bayview consents to the admission of all of these exhibits except B.[2]***

DATED: November 12, 2019    /s/ David C. Johnson
                George J. Marcus, Esq.
                David C. Johnson, Esq.

                MARCUS | CLEGG
                Attorneys for Debtor
                16 Middle Street, Suite 501
                Portland, ME  04101
                (207) 828-8000
                bankruptcy@marcusclegg.com

---

[2] Exhibit B – the transcript of Bayview's 30(b)(6) designee – is <u>not hearsay</u> and is therefore admissible in its entirety under Fed.R.Bankr.P. 801(d)(2), regardless of whether Bayview's 30(b)(6) designee is available to testify at trial; availability (or lack thereof) only comes into play when a party attempts to utilize a <u>hearsay exception</u> under Rule 804.  *E.g.,Marquis Theatre Corp. v. Condado Mini Cinema*, 846 F.2d 86, 90 (1st Cir. 1988) ("A statement must be against the declarant's interest at the time it was made only when it is introduced as the hearsay exception found at Fed.R.Evid. 804(b)(3), not as an admission excluded from the definition of hearsay in Rule 801(d)(2); *Anchor Sav. Bank, FSB v. United States*, No. 95-39 C, 2005 WL 6112617, at ** 1, 3 (Fed. Cl. May 17, 2005) ("[T]he Federal Rules of Evidence do not require a party to demonstrate a declarant's 'unavailability' when introducing out-of-court statements that are deemed to be non-hearsay under Rule 801(d).  *See* Fed.R.Evid. 801(d).  Unavailability is only required when such statements, including deposition statements, are presented as evidence under one of the "exceptions" to the hearsay rule.  *See* Fed.R.Evid. 804."); 30B <u>Fed. Prac. & Proc. Evid.</u> § 6772 (2018 ed.) ("There is no requirement that statements admitted through Rule 801(d)(2) constitute "admissions."[2] Qualifying statements need not be defensive or inculpatory in any sense except a practical one.  As the revised title ('Opposing party's statement') accurately reflects, any statement uttered by a party qualifies for admission under the rule.")

## **CERTIFICATE OF SERVICE**

      I, David C. Johnson, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document to be served electronically on the parties receiving service in this case through the Court's CM/ECF electronic filing system on November 12, 2019.


                /s/ David C. Johnson
                David C. Johnson