UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 11 |
| KITTERY POINT PARTNERS, LLC, | ) CASE NO. 17-20316 |
| Debtor. | ) |

**STIPULATION OF FACTS AND EXHIBITS FOR TRIAL**

Bayview Loan Servicing, LLC ("Bayview"), M&T Mortgage Corporation ("M&T") (together with Bayview, "Creditors"), and Kittery Point Partners, LLC ("Debtor") (collectively, the "Parties") hereby file this joint stipulation of facts in advance of the November 19, 2019 Trial.

**Facts**

1. Daniel Systo executed (a) a promissory note, dated March 1, 2005, purportedly in the name of the Debtor – which had not been organized as of this date – as maker, to Middlebury Equity Partners ("MEP") in the face amount of $600,000 (the "Note"); and (b) a mortgage in the name of the Debtor, dated March 1, 2005 and acknowledged April 27, 2005, on certain real property located in Kittery Point, Maine (the "Real Estate") – which was not owned at the time by the Debtor--as mortgagor, to MEP securing the Note (the "Mortgage"). True and accurate copies of the Note and the Mortgage are part of the Bayview Proof of Claim, which is ***Joint Exhibit A***.

2. On March 1, 2005, the Real Estate and personal property described in the Mortgage was owned by James Austin. James Austin retained sole ownership of the Real Estate and the personal property described in the Mortgage until execution of the quitclaim deed to the Debtor described in paragraph 6 of this Stipulation.

3. On April 21, 2005, the original Certificate of Formation of the Debtor was filed with the Delaware Secretary of State.

1

4. The Note and Mortgage were both acknowledged on April 27, 2005.

5. On April 27, 2005, an assignment of the Mortgage was executed from MEP to Bayview. A true and accurate copy of the Assignment is part of the Bayview Proof of Claim, which is **_Joint Exhibit A_**.

6. On May 26, 2005, James Austin, the owner of the Real Estate executed a quitclaim deed (the "Austin Deed") to the Debtor for the Real Estate.

7. Bayview agreed to purchase the Note – and Mortgage – subject to due diligence – in February of 2005 and in fact purchased from MEP for $600,411.21 in June of 2005.

8. The Austin Deed was recorded in the York Country Registry of Deeds on January 27, 2006.

9. The Mortgage described in paragraph 1(b) was recorded in the York County Registry of Deeds on August 15, 2007.

10. The Assignment described in paragraph 5 was recorded in the York County Registry of Deeds on December 10, 2007.

11. The Mortgage was re-recorded in the York County Registry of Deeds on December 10, 2007.

12. Bayview is the assignee of the Mortgage.

13. On September 9, 2008, Bayview brought a foreclosure complaint against KPP for failure to pay amounts allegedly due under the Note and Mortgage.

14. Bayview obtained a default judgment against KPP on its foreclosure complaint due to KPP's failure to respond.

15. On February 27, 2009, the Debtor executed a certain "Delinquency Repayment Agreement" at the request of Bayview ("<u>DRA</u>"). A true and accurate copy of the DRA is **Joint Exhibit C**.

16. The "total amount due" listed in Section 2 of the DRA, $58,372.46, is not a statement of the total amount owed under the Note and Mortgage (if any), but rather the amount owed to bring KPP current on its payments under the Note and Mortgage.

17. The DRA was never recorded with the York County Registry of Deeds or the Maine Secretary of State.

18. On April 28, 2010, Bayview dismissed its Foreclosure Complaint against KPP.

19. On November 30, 2016, the Superior Court granted summary judgment in favor of the Creditors in the State Court Action, which Debtor brought against Creditors and Daniel Systo. A true and correct copy of the Superior Court's November 30, 2016 Summary Judgment Order is **Joint Exhibit D**.

20. The Debtor filed a Notice of Appeal to the Maine Supreme Judicial Court (the "<u>Law Court</u>") regarding the Summary Judgment Order on December 16, 2016.

21. Before that appeal was decided, the Debtor filed its petition initiating this case under Chapter 11 of the Bankruptcy Code on June 22, 2017.

22. On June 23, 2017, Debtor filed a Suggestion of Bankruptcy with the Law Court, stating that because of the instant bankruptcy case, the Appeal was stayed.

23. James Austin and Tudor Austin each own a 50% share of membership interest in the Debtor. Tudor Austin has been KPP's manager since January of 2009.

24. On October 18, 2017, Bayview filed a proof of claim with the court alleging a secured claim in the total amount of $991,660.40, which figure includes $213,387.11 incurred for attorney

fees, property inspection fees, and court costs. A true and correct copy of Bayview's Proof of Claim is **Joint Exhibit A**.

25. Although Debtor disputes the amounts owed on the Note, including principal interest, and attorney fees, it has stipulated that certain payments were made by or on behalf of KPP to Bayview as reflected in **Joint Exhibit G**.

26. The Bankruptcy Court granted limited relief from stay so that the parties could pursue the State Court Action to final judgment.

27. On January 16, 2019, the Superior Court entered final judgment in the case. A true and correct copy of the January 16, 2019 Final Judgment is **Joint Exhibit E**.

28. On March 13, 2019, the Superior Court denied a motion to alter or amend the January 16, 2019 Final Judgment filed by KPP. A true and correct copy of the March 13, 2019 Order denying the motion to alter or amend is **Joint Exhibit F.**

29. KPP filed a notice of appeal in the State Court Action on April 1, 2019.

30. On November 12, 2019, the Law Court issued a memorandum of decision affirming the Superior Court's Judgment in favor of Bayview. A true and accurate copy of the Law Court Decision is **Joint Exhibit J**.

### Joint Exhibits

A. Bayview Proof of Claim (with attachments and exhibits thereto consisting of:

1. Promissory Note dated March 1, 2005 in name of KPP, as maker, to Middlebury Equity Partners ("MEP") in the face amount of $600,000 with allonge;

2. Mortgage dated March 1, 2005, acknowledged April 27, 2005, and recorded in Book 15234, Page 493 in the York County Registry of Deeds (the "Registry") on August 15, 2007 on certain real property located in Kittery Point, Maine (the "Real Estate") in the name of KPP, as mortgagor, to MEP securing the Note (the "Mortgage");

    3. The above-mentioned Mortgage re-recorded in Book 15315, Page 80 on December 10, 2007 in the Registry;

    4. Assignment of the Mortgage from MEP to Bayview dated April 27, 2005 and recorded in the Registry on December 10, 2007 in Book 15315, Page 90, including Note, Mortgage and Assignment of same)[1];

B.    Wells Fargo Mortgage on the Real Estate filed in the York County Registry of Deeds in Book 12489, Page 84;

C.    Delinquency Repayment Agreement;

D.    November 20, 2016 Superior Court Summary Judgment Order;

E.    January 16, 2019 Superior Court Final Order;

F.    March 30, 2019 Superior Court Order denying Motion to Alter or Amend;

G.    Customer Account Activity Statement (Bayview 30(b)(6) deposition exhibit # C)[2];

H.    Payoff Statement from Bayview to KPP dated October 21, 2019 concerning payoff figure as of June 22, 2017 (Bayview 30(b)(6) deposition exhibit # D)[3];

I.    10/17/19 Memo with Payoff Figures Statement from Bayview to KPP dated October 17, 2019 concerning payoff figure as of September 30, 2019 (Bayview 30(b)(6) deposition exhibit # E)[4]; and

J.    November 11, 2019 Law Court Memorandum of Decision.

---

[1] KPP does not stipulate to the veracity of the information contained therein aside from the Note, Mortgage and Assignment. In addition, KPP does not stipulate that these items were executed by it in exchange for consideration.

[2] KPP does not stipulate to the veracity of the information contained therein other than to the extent that it reflects payments made by or on behalf of KPP to Bayview.

[3] Id.

[4] Id.

Dated: November 12, 2019

/s/ Andrew W. Sparks, Esq.
Andrew W. Sparks, Esq.
Maine Bar Registration No. 3649

Attorney for Bayview Loan Servicing, LLC
and M&T Mortgage Corporation
Drummond & Drummond, LLP
One Monument Way
Portland, Maine 04101
(207) 774-0317
asparks@ddaw.com

Dated: November 12, 2019

/s/ George J. Marcus, Esq.
George J. Marcus, Esq.
Maine Bar No. 1273
David C. Johnson, Esq.
Maine Bar No. 9447

Attorneys for the Debtor
MARCUS | CLEGG
16 Middle Street, Unit 501
Portland, Maine 04101
(207) 828-8000
bankruptcy@marcusclegg.com

## CERTIFICATE OF SERVICE

    I, David C. Johnson, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document to be served electronically on the parties receiving service in this case through the Court's CM/ECF electronic filing system on November 12, 2019.

                                            /s/ David C. Johnson
                                            David C. Johnson