UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**KITTERY POINT PARTNERS, LLC,**<br><br>Debtor, | **Chapter 11**<br>**Case No. 17-20316** |

## MOTION FOR LEAVE TO AMEND PROOF OF CLAIM WITH INCORPORATED MEMORANDUM OF LAW

NOW COMES Defendant Bayview Loan Servicing, LLC ("Bayview"), by and through its counsel, Drummond & Drummond, LLP and Bernstein Shur, and hereby submits this motion (the "Motion") with incorporated memorandum of law pursuant to 11 U.S.C. § 501, Federal Rule of Bankruptcy Procedure 3001, and Federal Rule of Civil Procedure 15, to amend the Proof of Claim filed by Bayview on October 18, 2017 as shown in the attached Exhibit A, Bayview's Proposed Amended Proof of Claim.

### Background

1. On October 18, 2017, Bayview timely filed its Proof of Claim with the Bankruptcy Court.

2. Bayview's Proof of Claim listed the total amount due as $991,660.40.

3. This total amount was based on the plain language of the note and included principal, interests, and costs.

4. The bar date to submit proof of claims was October 18, 2017.

5. While preparing for deposition in this matter, it came to Bayview's attention that its Proof of Claim inadvertently failed to account for certain additional amounts due and owing to Bayview under the Note as of June 22, 2017 (the "Petition Date").

6. First, the amount of attorneys' fees included in the Proof of Claim omitted approximately $37,371.18 in attorneys' fees that Bayview was entitled to recover from KPP under the Note as of the Petition Date, because Bayview's computer system stored them in a separate report.

7. Second, the interest calculation submitted with Bayview's Proof of Claim did not include default interest Bayview was entitled to charge under the Note starting on December 11, 2011, which totaled $212,989.37 as of the Petition Date.

8. Third, the interest amount listed in the itemization in Bayview's Proof of Claim erroneously stated the interest amount owed was $217,191.45 instead of the $217,296.81 listed in the Amended Proof of Claim due to the failure to include a day of accrued interest.

9. KPP was informed of these adjustments to the Proof of Claim and shown documentation supporting Bayview's Proof of Claim at Bayview's Rule 30(b)(6) deposition on October 22, 2019.

**Argument**

10. "It is well established in the First Circuit that amendments to proofs of claim are freely allowed." *Belser v. Nationstar Mortg., LLC (In re Belser)*, 534 B.R. 228, 243 (B.A.P. 1st Cir. 2005). "Amendments to proofs of claim timely filed are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original claim." *Id.* (citation omitted).

11. Upon the filing of an objection, the allowance of an amended proof of claim is an equitable determination often approached using a two-part test: (1) was a timely similar claim asserted against the bankruptcy estate by a prior formal proof of claim or informal proof of claim; and (2) is it equitable to permit the amendment." *Id.* (quoting *In re Galindez*, 514 B.R. 79, 88 (Bankr. D.P.R. 2014)).

12. Thus, the first step is to determine whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the bankruptcy estate liable. If the first prong is satisfied, then the court must determine whether it was equitable to allow the amendment." *Id.* (quoting *In re Galindez*, 514 B.R. 79, 88 (Bankr. D.P.R. 2014)).

13. "The equitable determination to allow or disallow an amendment to a proof of claim timely filed is entrusted to the sound discretion of the bankruptcy court." *Id.* (internal citation omitted).

14. The court must scrutinize both the substance of the proposed amendment and the original proof of claim to ensure that the amendment meets three criteria: 1) the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim; 2) the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate; and (iii) the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant." *Id.* (citations omitted).

15. "As a general rule, amendments intended merely to increase the amount of a claim grounded in the same right to payment are not considered 'new' [or superseding] claims under the Code." *Id.*

16. Undergirding this approach is the axiom that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Burtch v. JP Morgan (In re LG Phillips Displays USA, Inc.)*, 395 B.R. 864, 868 (Bankr. D. Del. 2008) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

17. Here, the Court should grant Bayview's Motion because Bayview is only seeking to correct the amount of its original Proof of Claim based on KPP's legal obligations to Bayview under the Note, and Bayview is not asserting any new claim or new basis for a claim against KPP on any grounds other than that in the Proof of Claim.

18. Specifically, and as set forth above, Bayview's Amended Proof of Claim would: 1) incorporate additional attorneys' fees to which Bayview is entitled under the Note that were omitted because they were stored in a separate report by Bayview's computer system; 2) include the default interest owed to Bayview under the terms of the Note, which was previously omitted; and 3) fix a minor discrepancy in the regular interest owed to Bayview under the Note.

19. Permitting Bayview to amend its proof of claim does not result in unfair prejudice to KPP or other holders of unsecured claims because it merely corrects the amount of the claim based on the same Note, KPP's assets are substantial enough to repay all creditors, and the default interest rate clearly appears of the face of the Note.

20. Additionally, Bayview's Motion is not part of a bad faith or dilatory tactic, the technical errors simply came to light when Bayview was preparing for the deposition of its corporate designee.

21. After learning of the issues, Bayview promptly prepared the present Motion.

4

22. Finally, Bayview is filing this Motion in advance of the upcoming evidentiary hearing regarding the total amount of its claim against KPP for purposes of KPP's potential plan of reorganization, and allowing the amendment requested herein will merely ensure that Bayview's claim conforms in the record to the evidence that will be presented by Bayview at that hearing regarding the amount of its claim to date.

23. KPP, therefore, will not be prejudiced by amendment, but rather will have an opportunity to raise any objections to the new amount as part of the upcoming hearing.

### Compliance with D.Me. L.B.R. 9013-1(b)

24. KPP objects to the relief requested herein.

### Service of this Motion

25. Bayview served a copy of this Motion and a form of order thereon on all parties receiving service through the Court's electronic filing system. Bayview requests that the Court find such service adequate under the circumstances of the case.

WHEREFORE, Bayview respectfully requests that the Court enter an Order granting Bayview's Motion and accepting Bayview's Proposed Amended Proof of Claim as timely filed in this case.

Dated at Portland, Maine this 14th day of November 2019.

/s/ Andrew W. Sparks
Andrew W. Sparks, Esq.
Maine Bar Registration No. 3649

Attorney for Bayview Loan Servicing, LLC
DRUMMOND & DRUMMOND, LLP
One Monument Way
Portland, Maine 04101
(207) 774-0317
asparks@ddlaw.com

/s/ Adam R. Prescott
Adam R. Prescott, Esq.
Maine Bar Registration No. 6033
David A. Soley, Esq.
Maine Bar Registration No. 6799

Attorney for Bayview Loan Servicing, LLC
BERNSTEIN SHUR
100 Middle Street
P.O. Box 9729
Portland, Maine 04104
(207) 774-1200
aprescott@bernsteinshur.com
dsoley@bernsteinshur.com