**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: ) | |
| ) | |
| **KITTERY POINT PARTNERS, LLC,** ) | **Chapter 11** |
| ) | **Case No. 17-20316** |
| Debtor. ) | |

**ORDER CONFIRMING DEBTOR'S SECOND AMENDED**
**PLAN OF REORGANIZATION (REV.) DATED SEPTEMBER 6, 2018**
**AS AMENDED BY THIS ORDER**

On November 19, 2019, and pursuant to the Court's Order Setting Date for Trial and Related Deadlines [D.E. 228] (the "Trial Order"), this Court conducted an evidentiary hearing (the "Hearing") on (a) confirmation of the Debtor's Second Amended Plan of Reorganization (Rev.) Dated September 6, 2018 [D.E. 154] (the "Plan")[1]; (b) the Debtor's adversary proceeding against Bayview Loan Servicing, LLC ("Bayview") Adv. No. 17-2065 (the "Adversary Proceeding"); (c) the Debtor's objection to Bayview's proof of claim [D.E. 111] (the "Claims Objection") and (d) Bayview's responses and objections to the same. During the Hearing, the Court took evidence and heard arguments of counsel regarding Plan confirmation as well as the merits of the Adversary Proceeding and the Claims Objection.

During the Hearing, the Debtor and Bayview reached agreement on the resolution of Bayview's objection to confirmation of the Plan. No other party in interest has objected to confirmation of the Plan. The agreement reached by Bayview and the Debtor relates to modifications to the Plan, and those agreed upon modifications of the Plan were set forth on the record of the Hearing and are described in and approved by this Order (*See infra* at Section I). The Plan, as so modified shall be referred to herein as the "Final Plan". At the conclusion of the

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Plan.

Hearing, the Court took the Adversary Proceeding and the Claims Objection under advisement and will issue its Order resolving both (the "Claim Order").

The Plan having been modified within the meaning of § 1127(a) of the Bankruptcy Code, and no party in interested being affected thereby, other than Bayview, which agreed to the terms of the modification, no additional or amended disclosure statement shall be required in respect of the Final Plan.

With the consent of Bayview, the only party to object, the Court hereby confirms the Final Plan in accordance with the provisions of this Order, makes the following findings of fact and conclusions of law, and enters the following orders:

**I.     MODIFICATIONS TO THE PLAN**

    **A.     Plan Treatment**

Pursuant to agreement between the Debtor and Bayview, described on the record of the Hearing, the Plan, in respect of its treatment of Bayview, as described in Article IV, Section 4.2, was modified and the Final Plan shall provide as follows in respect of Bayview:

Article IV, § 4.2 of the Plan is deleted and is replaced in its entirety with the following:

    4.2 Class Two. Bayview shall have an Allowed Secured Claim (subject to the Debtor's right to appeal the Claim Order) in an amount to be established by the Court in the Claim Order. Once the Class Two Allowed Secured Claim is quantified by virtue of the Claim Order, the existing promissory note evidencing Bayview's prepetition claim (hereinafter the "Note") and the existing mortgage deed securing the Note (hereinafter the "Mortgage") shall be deemed modified in the following respects:

    a. The principal amount of the Note shall be modified to equal the total amount due and owing to Bayview as set forth in the Claim Order (the "Revised Principal Amount");

    b. Regardless of when the Claim Order issues, the Revised Principal Amount shall be deemed due and owing by the Debtor effective as of November 19, 2019;

    c. The Revised Principal Amount shall accrue interest at the fixed rate of 6.25% per *annum* commencing on November 19, 2019, and for the term of the Note;

    d. The Revised Principal Amount, plus interest accruing thereon from and after November 19, 2019, shall be paid in the manner set forth in this Order, starting on January 1, 2020;

    e. Interest-only payments shall commence and be paid by the Debtor in arrears under the Note on January 1, 2020 and shall continue on the first day of each succeeding month *until the earlier to occur of* (a) December 31, 2020, or (b) the date upon which the Claim Order becomes a Final Order;

    f. On the first day of the month following the occurrence of the earlier of the dates described in subsection (e) above, and on the first day of each succeeding month until and including December 1, 2026, the Debtor shall make equal monthly payments of principal and interest pursuant to the Note, and based upon the amortization of the Revised Principal Amount on a 300 month term. On December 31, 2026, all principal, interest and other costs due and payable under the Note and Mortgage shall become due and payable in full (the "Balloon Payment");

    g. The Mortgage shall continue to secure payment of the Note;

    h. All defaults and events of default under the Note and Mortgage, existing as of November 19, 2019, shall be deemed waived by Bayview and of no further force or effect. Further, to the extent that the Note and/or the Mortgage require that the lien created by the Mortgage shall constitute a first lien, or that the property which is subject to the lien created by the Mortgage shall be free and clear of liens and encumbrances other than the lien created by the Mortgage, such requirements shall be permanently waived except no further borrowing shall be allowed on the first mortgage and all payments on the first mortgage must remain current;

    i. The Note may be prepaid at any time, without penalty;

    j. The automatic stay created by Section 362 of the Bankruptcy Code shall be terminated upon entry of this Order with respect to the Note and the Mortgage, as modified hereby;

    k. Nothing herein shall limit the right of the Debtor to appeal the Claim Order, and the Revised Principal Amount shall be amended to the extent that an amendment is required in order to make the Revised Principal Amount consistent with any Final Order entered with respect to the Claim Order; and

    l. Except as specifically set forth herein, the Note and Mortgage shall remain unaffected by the terms of this Order, and Bayview shall retain any and all rights and remedies as set forth therein.

    **B.**    **Effective Date**

Article VI, § 6.1 of the Plan is revised to make the Effective Date of the Final Plan November 19, 2019.

**II.**    **ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court hereby makes the following additional Findings of Fact and Conclusions of Law in respect of the Final Plan:

    A.    The Final Plan complies with the applicable provisions of the Bankruptcy Code.

    B.    The proponent of the Final Plan has complied with the applicable provisions of the Bankruptcy Code.

    C.    The Final Plan has been proposed in good faith and not by any means forbidden by law.

    D.    All payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Case, or in connection with the Final Plan, and incident to the Case, have been approved by or are subject to the approval of the Bankruptcy Court as reasonable.

    E.    No regulatory approval is required to implement the Final Plan.

    F.    The following classes of claims are unimpaired under the Final Plan: Class One and Class Five. Such classes are deemed to have accepted the Final Plan pursuant to § 1126(f) of the Bankruptcy Code. The following classes of claims are impaired under the Final Plan, and the holders of claims and/or interests, as the case may be, in such classes are entitled to vote to accept or reject the Plan: Class Two, Class Three, and Class Four (collectively, the "Impaired Classes").

G. Each acceptance and rejection of the Final Plan has been solicited and procured by Debtor in good faith and in accordance with the provisions of the Bankruptcy Code.

H. The Final Plan provides that with respect to a Claim of a kind specified in Bankruptcy Code §§ 507(a)(1) through 507(a)(8), on the Effective Date, that the holders of such claims will receive on account of such claim cash equal to the Allowed Amount of such claim.

I. The Final Plan has been accepted by all impaired classes of Claims; at least one class of Claims that is impaired under the Final Plan has accepted the Final Plan, as determined without including any acceptance of the Final Plan by any insider.

J. The Final Plan provides for the continued business operations of the Debtor. Further, confirmation of the Final Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor.

K. The Final Plan provides for the payment on the Effective Date of all fees payable under 28 U.S.C. § 1930 with respect to the Case and provides for ongoing payment of fees due and payable under 18 U.S.C. § 1930 until the Case is converted, dismissed, or closed.

L. The Debtor provides no retiree benefits, as that term is defined in § 1114 of the Bankruptcy Code.

M. The Debtor is a limited liability company and is not an individual.

Based upon the foregoing Findings of Fact and Conclusions of Law, the Court determines as follows:

III. **ORDERS IN RESPECT OF THE FINAL PLAN**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Final Plan, shall be and hereby is confirmed, upon and subject to the terms of this Order. This Order shall be effective immediately and shall not be stayed notwithstanding the provisions of Fed. R. Bankr. P. 3020(e).

2. The Final Plan and its provisions shall be binding upon (i) the Debtor; (ii) any entity acquiring or receiving property (including cash and membership interests) under the Final Plan; (iii) any lessor or lessee of real or personal property to or from the Debtor; and (iv) any creditor or equity security holder or member of the Debtor.

3. In accordance with the Final Plan and this Order, the Debtor is hereby authorized, without further Order of this Court, to make all payments, to execute and deliver all documents and agreements, and to make all distributions and all transfers of property required to be made or authorized to be made pursuant to the Final Plan and this Order. Without limiting the generality of the foregoing, any officer of the Debtor, acting singly and without the necessity of countersignature, may execute and deliver such documents and agreements on behalf of the Debtor.

4. Except as otherwise expressly provided in § 1141 of the Bankruptcy Code, the Final Plan, or this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Final Plan or this Order, the consideration to be paid and/or delivered by the Debtor pursuant to the Final Plan shall be paid and/or delivered, as the case may be, in full and final satisfaction, settlement, release, and discharge as against the Debtor of any and all legal and/or equitable Claims against and Interests in and to the Debtor, including, without limitation, any Claim or Interest that arose before the Confirmation Date, and any debt of a kind specified in Bankruptcy Code §§ 502(g), 502(h) or 502(i), whether or not (i) a proof of claim or interest is filed or deemed filed under Bankruptcy Code § 501; (ii) such claim or interest is allowed under Code § 502; or (iii) the

6

holder of such claim or interest has accepted the Final Plan. Except as otherwise expressly provided in § 1141 of the Bankruptcy Code, the Final Plan, or this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Final Plan or this Order, all Claims of creditors against the Debtor whose Claims have attached to, or are secured by, property in which the Debtor has an interest shall, upon compliance by the Debtor with the terms of the Final Plan, be released and discharged, and upon such compliance, such claims shall be deemed satisfied in full and forever released and discharged.

5. Except as otherwise expressly provided in the Final Plan or this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Final Plan or this Order, on the Effective Date, all property of the Debtor's estate, shall re-vest in the Debtor. Such property shall re-vest in the Debtor free and clear of all interests, liens, claims and Encumbrances of any kind and nature whatsoever, subject only to such interests, liens, claims and encumbrances as are preserved pursuant to the Final Plan, this Order or any document or agreement executed and delivered by the Debtor pursuant to the Final Plan or this Order, including, specifically, Bayview's Note and Mortgage.

6. Except as otherwise provided herein, after entry of this Order, all liens and Encumbrances on the Debtors' assets that do not constitute Allowed Secured Claims and that are not preserved in accordance with the Final Plan, this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Final Plan or this Order, are hereby nullified and voided and shall be of no force and effect. Any holder of such a lien or Encumbrance shall forthwith, and without further order of this Court, cause the release and discharge of such lien or Encumbrance in every public recording office in which evidence of such lien or Encumbrance is recorded. In the event that any such holder fails and refuses to do so, then the Debtor may cause

to be recorded a discharge of such lien or Encumbrance in the name of such holder, and such discharge shall be effective as if executed and delivered by the holder.

7. Except as otherwise expressly provided in the Final Plan or in this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Final Plan or this Order, entry of this Order shall discharge the Debtor from any debt that arose before the date of entry of this Order, and any debt of a kind specified in Bankruptcy Code §§ 502(g) or 502(i), whether or not (i) a proof of the claim based on such debt is filed or deemed filed under Bankruptcy Code § 501; (ii) such claim is allowed under Bankruptcy Code § 502; or (iii) the holder of such claim has accepted the Final Plan. Any claim arising under Bankruptcy Code § 502(h) shall be a claim under Class Four of the Final Plan, but the reorganized Debtor shall have no liability with respect to such claim except as required by the Final Plan.

8. Without limiting the generality of the foregoing, all parties in interest including, without limitation, all creditors, members of the Debtor, governmental, tax, and regulatory authorities, lenders, trade and other creditors holding Claims against or interests in the Debtor (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), are forever barred, estopped, and permanently enjoined from asserting such claims and interests against the Debtor, its successors or assigns except in accordance with the Final Plan and this Order or any document or agreement executed and delivered by the Debtor pursuant to the Final Plan or this Order. Further, following entry of this Order, and except as provided in the Final Plan or this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Final Plan or this Order, the reorganized Debtor shall have no successor or vicarious liability of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor, or transferee liability, labor law,

*de facto* merger, or substantial continuity, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, with respect to any obligations of the Debtor arising before the date of entry of this Order, including liabilities on account of any taxes relating to the assets of the Debtor or any regulatory obligation of the Debtor, or in any way relating to the Debtor's ownership or operation of its assets before entry of this Order. The reorganized Debtor shall not be (or be deemed to be) the successor to the Debtor for any law or purpose, except as expressly set forth in this Order and the Final Plan.

9. Except as otherwise expressly provided in the Final Plan and this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Final Plan or this Order, all creditors and equity security holders of the Debtor whose rights and interests are impaired by the Final Plan and/or this Confirmation Order, and all persons in concert or participation with them or any of them, are hereby restrained and enjoined from instituting or continuing any action, suit or proceeding, including without limitation, any administrative proceeding or arbitration or any proceeding before any quasi-governmental entity, or employing any process to collect any Claims or pursue any Interests as liabilities or obligations of the Debtor, except as provided in the Final Plan and this Order.

10. Nothing in this Order, however, is intended to impair the ability of any person or entity whose claim is disputed from asserting any right to have such a claim allowed and paid according to the Final Plan or to prohibit the holder of any claim to seek enforcement of the provisions of the Final Plan, nor is anything in this Order intended to change any prior, final order of this Court concerning treatment of the claim of any creditor, unless the claim of such creditor is expressly treated otherwise in the Final Plan.

11. Nothing in this Order or the Final Plan is intended to release any claims the Debtor, the Reorganized Debtor, or the Estate may have against any person or entity for any act, omission, or failure to act that occurred prior to the Filing Date of this proceeding, including any of the Chapter 5 Causes of Action, nor shall any provision of this Order or the Final Plan be deemed to release any Post-Confirmation Cause of Action which may arise, except as expressly provided herein or in the Final Plan.

12. All of the Debtor's executory contracts are deemed assumed pursuant to Article VII, § 7.1(a) of the Final Plan.

13. This Court shall retain exclusive jurisdiction over the Case after the Effective Date for (a) all of the purposes set forth in Article VIII, § 8.14 of the Final Plan; (b) to resolve any disputes between the Debtor and Bayview as to the amount of the latter's Allowed Claim arising from the issuance of the Claim Order; and (c) for all of such further and additional purposes as are within the jurisdiction of the Court pursuant to 28 U.S.C. § 1334.

14. After the entry of this Order, and after written notice provided to any party in interest affected thereby, the Debtor may remedy any defect or omission or reconcile any inconsistency in the Final Plan in such manner as may be necessary or appropriate to carry out the purposes and intent of the Final Plan, provided that, in the reasonable judgment of the Debtor, such remedy or reconciliation makes no material change to the substantive terms of the Final Plan. Any party-in-interest may object to any such modification that adversely affects its interest(s). Upon such objection, this Court shall determine if such modification is permissible.

15. The provisions of the Final Plan, this Order, and any document or agreement executed and delivered pursuant to the Final Plan or this Order shall be construed in a manner consistent with each other so as to effect the purpose of each. However, in the event of any conflict

between the provisions of any of these documents, the provisions of this Order shall prevail and take precedence.

16. The Debtor shall comply with any and all post-confirmation reporting requirements imposed by the Office of the United States Trustee.

17. This Order shall be effective immediately upon entry notwithstanding any stay otherwise imposed by the Federal Rules of Bankruptcy Procedure.

DATED: December 9, 2019

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine